# No. 4419.

## A. L. PRAEGER, VS, MORGANS L. & T. RAILROAD & S. S. CO.

1. Where a shipper forwards goods on a bill of lading (sigh-draft attached) to his own order, notify A., and through error, the carrier delivers the goods to A., the purchaser of the goods, without exacting delivery of the bill of lading, the carrier is responsible to the shipper for the value of the goods or for the contract price of sale.
2. Where the suit of the shipper against the carrier is founded on both the contract of affreightment and on the sight-draft as constituting one transaction, the drawee of the draft who is also the purchaser of the goods and to whom the erroneous delivery had been made, may be called in warranty by the carrier.

Appeal from Civil District Court, Division "D."

F. F. Tessier, Plaintiff and Appellee.

Denegre & Blair, V. Leovy and S. Sansum, Defendant and Appellant.

MOORE, J. Plaintiff who resides in Lafayette in this State sold to G. G. Smith, in that town, but whose residence is in the City of New Orleans, an automobile on which there remained an unpaid balance of the purchase price amounting to one hundred and fifty dollars.

The automobile was then shipped by plaintiff over the defendant road from Lafayette to New Orleans under bill of lading to ccnsignor's under which instructions to notify G. G. Smith.

Thereupon, plaintiff drew his sight draft on Smith for $150.00, annexing the bill of lading thereto, and forwarding it to Bank for presentation and payment.

The draft was duly presented but was not paid notwithstanding the fact that the automobile was in the possession of Smith, it having been erroneously delivered to him by the defendant carrier.

The suit is for the recovery of the amount of the draft from the carrier.

The answer admits the wrongful delivery, but avers that the automobile when shipped was in bad condition; was not worth

...207

the amount of the draft, and that for this reason Smith was entitled to its possession without paying anything further therefor. Further answering defendant averred that if it is nevertheless liable to plaintiff for the amount of the draft, the said Smith, in turn, is liable to defendant as warrantor, he having received said property and having kept possession thereof after full information, and that it has the right to call said Smith in warranty and to have such judgment against him as may be rendered against defendant, and prayer to that effect was accordingly made.

The call in warranty having been allowed by the Court the warrantor made due answer thereto, admitting his possession of the automobile and that it came into his possession under the facts stated, but averred that the automobile was not in the condition in which it was represented to him by plaintiff; that he had paid $150. on account of the purchase price, and $20.50, freight, which represented more than the full value of the automobile; that he has expended $130.00 in repairing the damaged part of the automobile that he is willing and ready to return the property to plaintiff on being refunded the amount paid on account plus the freight bill and the cost of repair and finally he prays that plaintiff's suit be rejected, that the contract of sale be annulled and that he have judgment against plaintiff in the sum of three hundred and fifty dollars comprising, as a total, the items stated.

Subsequetly plaintiff moved the Court to vacate and annul the order allowing the call in warranty on the grounds "that as Smith was not a party to the contract of shipment entered into between mover and defendant company" that, therefore, there was "no privity of contract between mover and plaintiff and the said G. G. Smith hence the said call in warranty is illegal, null and void" as is likewise "the order of Court rendered in this proceeding."

The rule was made absolute and thereafter the case was fixed for trial and a judgment was rendered in plaintiff's favor and against the defendant company for the amount sued for.

It may not be doubted that the obligation of a carrier is to make delivery to the proper person; that no excuse for a wrong delivery, except the fault of the shipper himself, will relieve the carrier of responsibility for all damages occasioned by such wrong delivery; and that the measure of damages in such cases is usually the value of the goods at the point of destination with

interest from the time they should have been rightfully delivered, less the amount of freight, or, where the goods are forwarded by the carrier in pursuance of a contract of sale between the consignor and another, the contract price then furnishes the measure of damages.

In the instant case there is no fault charged to the shipper, and the damages he claims is not the entire contract price of sale, but only the balance due on the contract price, for as much as the automobile is in the possession of the person to whom it had been sold by plaintiff though, as stated, not rightfully in his possession.

If this were all that was in the case the judgment would have to be affirmed.

But it is not all for as much as the appeal brings up for review the ruling of the trial judge on the motion to vacate the call in warranty, which ruling appellant presses upon our consideration.

We are of the opinion that the ruling of our esteemed brother, the Judge *a qua,* in this particular was error.

First. Because the plaintiff was not in any manner injured or affected by the call in warranty, and

Second. Because there did exist a privity of contract between all the parties.

### FIRST:

The petition was filed on the 29th of August, 1907, and the answer and call in warranty, on the 14th October, 1907; the order thereon having been made the following day. Five days thereafter the answer of the warrantor was filed.

No objection was made by the plaintiff to the call in warranty or to filing of the answer of the person so called in, until the 29th of November, 1907, when the motion to vacate was filed. No delay was asked for or obtained. The case had not yet been set for trial and was only, subsequent to the ruling on the motion, fixed for trial for the 6th day of December, 1907, on which day the case was taken up and tried. The plaintiff certainly could have no concern with defendant's efforts to obtain against Smith the same judgment which plaintiff might obtain against the defendant, espetially when it is not pretended that injury, delay or inconvenience was, or could be occasioned plain-

tiff under the circumstances stated.

## SECOND:

Whilst it may be conceded that in a contract of affrieghtment there exists no privity between the shipper, the carrier and the person indicated in the contract as the one on whom notice of the arrival of the shipment at destination, is to be given, and that, therefore, so far as the instant cause of action may be regarded as based entirely on such a contract, Smith was no privy thereto, yet it is that the cause of action in the instant cause is not bottomed upon such a contract alone. It is founded on the draft as well as on the bill of lading for it is for the amount of the draft without regard to what is the value of the goods on the contract price of sale thereof, that plaintiff seeks judgment. It is only by the admissions in defendants answer as well as by the evidence received that we learn that the amount of the draft correlates with the contract price of sale. The draft was drawn in consequence of the contract of sale and was drawn by the vendee in said contract; Smith being party and privy to both sale and draft. He should have been maintained in the case as a warrantor. We can make no judgment against him as he has not had his day in Court, nor can we affirm the judgment as the warrantor has the right to contest plaintiff's claim against the defendant. The cause must be remanded.

We have no present concern with any question as to the right of the warrantor to claim in reconvention against plaintiff or as to the admissibility of evidence tending to establish the facts averred in the warrantor's answer, or with the question whether if the evidence is admissible and the facts averred are established, they would constitute a defence to plaintiffs demand. It will be time enough to consider the questions after the Court *a qua* shall have ruled on them and the cause should again be appealed.

It is therefore ordered, adjudged and decreed, that the judgment appealed from be and the same is hereby set aside anulled and reversed; that the cause be remanded to the lower Court with directions to reinstate the order allowing the defendants to call G. G. Smith in warranty and that the case be tried *de novo* and in accordance with the views herein expressed with the right reserved to the parties to re-offer the testimony already taken and on file in the cause and without prejudice to their right to offer additional evidence.

The costs of appeal to be taxed against appellee the costs of the lower Court to await final decision.

May 4, 1908.

Rehearing refused, June 30, 1908.